FILED
2020 Feb-28 PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VALERIA BATTLE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 2:19-cv-01348-SGC |
| | ) |
| NATIONWIDE MUTUAL FIRE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION & ORDER[1]

Before the undersigned is a motion filed by the defendant, Nationwide Mutual Fire Insurance Company, seeking to dismiss Count III of the amended complaint (Doc. 5), and a motion to remand filed by the plaintiffs, Valeria Battle and Reverend Ocie Battle, Jr. (Doc. 13). For the reasons discussed below, Nationwide's motion to dismiss is due to be granted, and the plaintiffs' motion to remand is due to be denied.

## I. Background

Mrs. Battle was involved in a motor vehicle accident she alleges was caused by an uninsured or underinsured motorist. (Doc. 1-1). Thereafter, she submitted a claim seeking coverage under the uninsured/underinsured motorist (UM/UIM)

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 9).

provisions of a policy of insurance issued to her by Nationwide. (*Id.*). In December 2018 and March 2019, she submitted letters to Nationwide demanding payment of her policy limits to settle her claim for UM/UIM coverage. (Docs. 1-2, 1-4). According to Nationwide, there are three vehicles insured under the policy, with UM/UIM limits of $25,000.00 per person and $50,000 per occurrence for each vehicle, resulting in stacked UM/UIM limits of $75,000.00 per person and $150,000.00 per occurrence. (Doc. 1).

In her December 2018 and March 2019 letters, Mrs. Battle stated the accident caused injuries to her neck, jaw, sides, back, legs, and left ankle and that she continues to experience pain and muscle spasms in her back that radiate down her legs. (Doc. 1-2). She itemized medical costs totaling $11,514.02 she incurred because of the accident and indicated she continues to receive treatment for severe and lasting injuries. (*Id.*; Doc. 1-4). Finally, she stated her employer terminated her because she had to take time off after the accident and that her average salary prior to termination had been $13,321.75 per year. (Doc. 1-4). Shortly after submission of the March 2019 letter, Mrs. Battle made what Nationwide describes as a counter-demand for $47,500.00. (Doc. 1).

Unable to resolve the claim for UM/UIM coverage with Nationwide, Mrs. Battle, together with her husband, commenced this action in the Circuit Court of Jefferson County, Alabama. (Doc. 1-1). The plaintiffs name Nationwide and

Fictitious Defendants "A," "B," and "C" as defendants. (*Id.*). In addition to asserting a claim for UM/UIM coverage, they claim Nationwide fraudulently represented it would provide this coverage if they paid monthly premiums and that Rev. Battle has suffered a loss of consortium. (*Id.*). With respect to the claims for UM/UIM coverage and loss of consortium, the plaintiffs seek damages "in the amount in excess of the minimum jurisdictional limits of [the state circuit court]." (*Id.*). With respect to the fraud claim, they seek compensatory and punitive damages. (*Id.*).

Nationwide removed the action to this district court, pursuant to 28 U.S.C. §§ 1441 and 1446, within thirty days of being served with process in the state court action. (Doc. 1). Nationwide alleges diversity as the basis of federal subject matter jurisdiction. (*Id.*). Diversity jurisdiction exists where every plaintiff is of diverse citizenship from every defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1988). To support its allegation the amount in controversy exceeds the jurisdictional threshold, Nationwide cites the request for punitive damages contained in the plaintiffs' amended complaint, as well Mrs. Battle's pre-suit settlement demands. (Doc. 1).

Nationwide also filed a motion to dismiss the plaintiff's fraud claim. (Doc. 5). As grounds, it argues (1) the plaintiffs have failed to plead the claim with the

3

particularity required by Rule 9(b) of the *Federal Rules of Civil Procedure* and (2) the claim is not ripe for adjudication. (*Id.*).

The plaintiffs did not respond to Nationwide's motion to dismiss. However, they did file a timely motion to remand. (Doc. 13). The sole basis for the plaintiffs' motion is that the amount in controversy does not exceed $75,000.00. (*Id.*).[2] Nationwide responded to the motion to remand (Doc. 15), and both it and the motion to dismiss are ripe for disposition. Because the plaintiff's motion to remand calls into question the subject matter jurisdiction of this district court, the undersigned will address that motion before addressing Nationwide's motion to dismiss.

**II. Discussion**

    **A. Motion to Remand**

Where a complaint does not specify the amount of damages it seeks and removal is based on diversity, a defendant is not required to incorporate into its notice of removal evidence establishing the amount-in-controversy requirement is met but, rather, need only plausibly allege in the notice the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 84, 89 (2014). A defendant's plausible allegation the amount-

---

[2] The plaintiffs are citizens of Alabama, while Nationwide is a citizen of Ohio. (Doc. 1). The citizenships of Fictitious Defendants A, B, and C are disregarded for purposes of considering diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section § 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

in-controversy requirement is met "should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. However, "[i]f the plaintiff contests the defendant's allegation . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88 (citing § 1446(c)(2)(B)). As the party seeking federal jurisdiction, the removing defendant bears the burden of proving the amount in controversy exceeds the jurisdictional minimum. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement.") (internal quotation marks and punctuation omitted). The preponderance of the evidence standard does not require a removing defendant "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).[3]

---

[3] There are two types of removable cases. One type is removable based on the initial pleading. § 1446(b)(1). This type is referred to as a "first paragraph" removal, a reference to the organization of § 1446 before the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "FCJVCA") made stylistic changes to the statute. *See Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1281 n.3 (N.D. Ala. 2013). The other type is removable based on an amended pleading, motion, order, or "other paper" "from which it may first be ascertained" the case, which as stated by the initial pleading was not removable, is or has become removable. § 1446(b)(3). This type is referred to as a "second paragraph" removal, again a reference to the pre-FCJVCA organization of § 1446. *See Jones*, 952 F. Supp. 2d at 1281 n.3. The paragraph under which a case is removed affects consideration of the burden of proof a defendant must carry, and the types of evidence on

Satisfaction of the amount-in-controversy requirement may be apparent on the face of a complaint, notwithstanding the absence of a claim for a specific amount of damages. *Id.* at 754 (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). A court may use its reasoning and common sense in assessing whether the face of a complaint establishes the minimum jurisdictional amount. As stated in *Roe*:

> Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality

---

which it may rely, to demonstrate removal is proper. Courts in the Eleventh Circuit are not entirely consistent in their treatment of these issues in second paragraph cases. *Compare Moore v. Wal-Mart Stores East, LP*, 2015 WL 5813164, at *4-6 (M.D. Ala. 2015) (holding that in a second paragraph case a removing defendant must "unambiguously establish" satisfaction of amount-in-controversy), *Erby v. Pride*, 2016 WL 3548792, at *2, 5-7 (N.D. Ala. June 30, 2016) (same), *Simpson v. Primerica Life Ins. Co.*, 2017 WL 2857699, at *4, n.3 (M.D. Ala. May 22, 2017) (additionally noting that in a second paragraph case a removing defendant must discharge this burden by reference to documents received from the plaintiff (or the court, if the document is an order)), *report and recommendation adopted*, 2017 WL 2838078 (M.D. Ala. June 30, 2017), *and Opelousas Gen. Hosp. Auth. v. Louisiana Health Serv. & Indem. Co.*, 2018 WL 1710547, at *2 (N.D. Ala. Apr. 9, 2018) (same), *with Exum v. State Farm Fire and Cas. Co.*, 821 F. Supp. 2d 1285, 1291-93 (M.D. Ala. 2011) (suggesting preponderance-of-the-evidence standard applies to substantive jurisdictional inquiry, while unambiguously-establish standard applies when considering procedural propriety of second paragraph removal), *Advantage Med. Elecs., LLC v. Mid-Continent Cas. Co.*, 2014 WL 1764483, at *5 (S.D. Ala. May 5, 2014) (holding the same), *and Roe*, 613 F.3d at 1061 n.4 (declining to consider whether or under what circumstances a defendant may present evidence not received from the plaintiff to establish the amount in controversy in a second paragraph case). However, it is clear that in a first paragraph case the less demanding preponderance-of-the-evidence standard applies and the removing defendant is not limited to evidence received from the plaintiff. *See Pretka*, 608 F.3d at 754-68 (noting statements in *Lowery* purporting to apply its unambiguously-establish standard and receipt-from-the-plaintiff rule to first paragraph cases were dicta); *Roe*, 613 F.3d at 1061 n.4 (noting that in a first paragraph case a removing defendant may present evidence outside the pleadings, such as business records and affidavits, to carry its burden of proving satisfaction of the amount-in-controversy requirement by a preponderance of the evidence). Although Nationwide does not state so explicitly, this case involves a first paragraph removal.

6

> or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

613 F.3d at 1061-62 (internal quotation marks, citations, and punctuation omitted).

If not facially apparent from the complaint, a court should look to the notice of removal and other evidence to determine whether the amount in controversy exceeds the jurisdictional threshold. *Id.* (citing *Williams*, 269 F.3d at 1319; 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][g] (3d ed. 2010) ("When determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the court will consider first whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If it is not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied.")); *see also* 14AA FED. PRAC. & PROC. JURIS. § 3702.3 (4th ed.) (noting substantially the same).

The plaintiffs argue satisfaction of the amount-in-controversy requirement is not apparent on the face of their amended complaint because they do not seek a specific amount of damages but, rather, only damages in an amount exceeding the state circuit court's minimum jurisdictional limit of $6,000.00. (Doc. 13 (citing Ala.

Code § 12-11-30)). This argument lacks merit because satisfaction of the amount-in-controversy requirement may be facially apparent from the complaint, notwithstanding the absence of a claim for a specific amount of damages. *See Pretka*, 608 F.3d at 754; *see also Roe*, 613 F.3d at 1064 ("[P]reventing a district judge from acknowledging the value of [a] claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case. . . . [and] reward plaintiffs for employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant."); *Johnson v. Blackburn*, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016) (rejecting similar argument).

The plaintiffs further argue the pre-suit demands Mrs. Battle submitted to Nationwide fail to demonstrate satisfaction of the amount-in-controversy requirement because none of these demands exceeded $75,000.00. (*Id.*).[4] This

---

[4] Demand letters are among the types of evidence a defendant may use to prove satisfaction of the amount-in-controversy requirement. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [a] settlement offer, by itself, may not be determinative, it counts for something."). However, "the utility of such demands in the jurisdictional analysis varies widely depending on the circumstances." *Nationwide Prop. and Cas. Ins. Co. v. Dubose*, 180 F. Supp. 3d 1068, 1072 (S.D. Ala. 2016). "Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (internal quotation marks and punctuation omitted). The December 2018 and March 2019 demand letters Mrs. Battle submitted to Nationwide itemized Mrs. Battle's medical costs, indicated Mrs. Battle continues to experience pain and receive medical treatment for her injuries, and stated Mrs. Battle lost her job because she had to take time off after the accident. Even if there is some "puffing and posturing" associated with the demands Nationwide pay out the UM/UIM limits or even $47,500.00 of those limits, the demands are supported by enough specific information to put the amounts demanded at issue.

argument might be availing if the relief the plaintiffs sought in this action was limited to payment of the UM/UIM limits available under the policy. However, the plaintiffs have also asserted a fraud claim, as to which they seek compensatory and punitive damages.[5] In determining whether satisfaction of the amount-in-controversy requirement is apparent on the face of a complaint, a court must consider a request for punitive damages. *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

Alabama law permits an award of punitive damages in an amount three times the compensatory damages awarded or $500,000.00, whichever is greater. *See* Ala. Code 6-11-20(a) (providing for an award of punitive damages where a defendant consciously or deliberately engaged in fraud); 6-11-21(a) (capping punitive damages as indicated above). Moreover, an Alabama federal court has found "any award that is soundly and honestly calculated to punish and deter [a large company's] wanton behavior . . . would have to be substantial," *Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995, 998 (M.D. Ala. 2009), *aff'd*, 613 F.3d 1058 (11th Cir. 2010), and the same is true of an award reasonably aimed at punishing a large

---

[5] Under Alabama law, the policy limits applicable to UM/UIM coverage for bodily injury sustained by one person include claims for loss of consortium. *Weekley v. State Farm Mut. Auto Ins. Co.*, 537 So. 2d 477, 480 (Ala. 1989). Therefore, Rev. Battle's loss of consortium claim is of limited value in demonstrating the amount in controversy exceeds $75,000.00.

9

company's fraudulent behavior. Common sense and judicial experience lead to the conclusion the aggregation of the amount-in-controversy as to the UM/UIM claim with damages that would compensate the plaintiffs for Nationwide's alleged fraud and punish and deter Nationwide for this behavior results in a sum that exceeds $75,000.00, exclusive of interest and costs. *See Surles v. Scott*, 2018 WL 3827398, at *3 (S.D. Ala. July 24, 2018) (holding amount-in-controversy requirement was satisfied where plaintiffs sought to recover medical expenses totaling $23,971.39, compensatory damages for lost wages and pain and suffering, and punitive damages arising out of motor vehicle accident), *report and recommendation adopted*, 2018 WL 3826777 (S.D. Ala. Aug. 10, 2018). Because Nationwide has met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, the plaintiffs' motion to remand (Doc. 13) is due to be denied.

**B. Motion to Dismiss**

Having determined removal of this action on the basis of diversity jurisdiction was proper, the undersigned next addresses Nationwide's motion to dismiss. As stated, Nationwide offers two grounds for the motion: (1) that the plaintiffs have failed to plead their fraud claim with the particularity required by Rule 9(b) and (2) that the claim is not ripe for adjudication. The undersigned will address the latter ground first.

### 1. Ripeness

A district court lacks subject matter jurisdiction over a claim that is not ripe for adjudication. *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006). Nationwide argues the plaintiffs' fraud claim is not ripe for adjudication because under the terms of the policy, the insurer and insured must agree on the legal right to recover damages from the uninsured or underinsured motorist, as well as the amount of damages incurred, before recovery of UM/UIM benefits is permissible. (Doc. 5). Nationwide correctly states Alabama law as requiring unambiguous insurance policies to be enforced as written. *See Nationwide Mut. Ins. Co. v. Thomas*, 103 So. 3d 795, 803 (Ala. 2012). Moreover, apart from the requirements of the policy, Alabama law requires that a claim for breach of an insurance contract or bad faith failure to pay UM/UIM benefits is premature before the fact of an uninsured or underinsured motorist's liability and the extent of an insured's damages have been established. *Pontius v. State Farm Mut. Auto. Ins. Co.*, 915 So. 2d 557, 564 (Ala. 2005). However, Nationwide has cited no authority that would support the dismissal of a fraud claim as premature because the fact and extent of liability has not been established, and an Alabama federal district court has declined to apply the rule set forth in *Pontius* to a fraud claim. *See Collins v. Nationwide Mut. Ins. Co.*, 2017 WL 1901630, at *3 (S.D. Ala. May 9, 2017) (reasoning defendant had not shown breach of contract was element of plaintiff's fraud claim or cited any authority

11

to support its position). Accordingly, the undersigned finds Nationwide's argument inadequate to support dismissal of the plaintiffs' fraud claim as unripe.

Nationwide also argues the plaintiffs' fraud claim is not ripe for adjudication because it has never denied Mrs. Battle's UM/UIM claim and that consequently the plaintiffs have not suffered any damages that would support a fraud claim. (Doc. 5). Nationwide cites no authority that stands for the proposition an insurer cannot have committed fraud until it actually denies an insurance claim. Accordingly, the undersigned finds this argument similarly inadequate to support dismissal of the plaintiffs' fraud claim as unripe.

### 2. Insufficiency of Fraud Allegations

The general pleading standard set out in Rule 8(a)(2) of the *Federal Rules of Civil Procedure* "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 555). "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and

"naked assertion[s] devoid of further factual enhancement" are insufficient. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

However, a fraud claim is subject to the heightened pleading standard set out in Rule 9(b), which requires that the circumstances constituting fraud or mistake be stated with particularity. FED. R. CIV. P. 9(b). The purpose of this rule is to "alert[] defendants to the precise misconduct with which they are charged and [to] protect[] defendants against spurious charges of immoral and fraudulent behavior." *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1986); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1277 (11th Cir. 2006) (" '[T]he rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of . . . [and] protects defendants from harm to their goodwill and reputation.'") (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). The rule is satisfied if the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). Failure to plead fraud with the particularity required by Rule 9(b) is

grounds for dismissal pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state a claim on which relief may be granted. *United States ex rel. Shurick v. Boeing Co.*, 330 F. App'x 781, 783 (11th Cir. 2009) (citing *United States ex rel. Clausen v. Lab. Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002)).

The plaintiffs' amended complaint falls short of satisfying Rule 9(b). It largely recites elements of a fraud claim and concludes fraud has been committed. There are few, if any, particulars to support the conclusion Nationwide committed fraud. Accordingly, the plaintiffs' fraud claim is due to be dismissed pursuant to Rule 12(b)(6). *See American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007) (concluding Rule 9(b) was not satisfied where plaintiffs did not identify agents or corporate representatives who participated in alleged fraud, provide dates on which agents rendered assistance in perpetration of alleged fraud, or explain how agents' conduct furthered commission of alleged fraud); *Hendley v. American Nat. Fire Ins. Co.*, 842 F.2d 267, 269 (11th Cir. 1988) (concluding Rule 9(b) was not satisfied where plaintiff "steadfastly refused to offer specifics about the fraud claims it made" and "never earmarked any facts demonstrative of fraud"). Moreover, because the plaintiffs have neither responded to Nationwide's motion to dismiss the claim or requested leave to amend their complaint to state the claim with the requisite particularity, the claim will be dismissed with prejudice. *See Daewoo*

*v. Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

The undersigned notes dismissal of the plaintiffs' fraud claim does not affect the foregoing jurisdictional analysis. The amount in controversy is not how much a plaintiff is likely to recover on the merits but, rather, how much a plaintiff puts at issue. *Pretka*, 608 F.3d at 751 (citing *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)). Expanding on this concept, the Eleventh Circuit has instructed as follows:

> When determining whether the amount in controversy requirement has been met, district courts should only consider the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. . . . That a court would, based on the pleadings, find that a claim fails as a matter of law does not factor into the court's jurisdictional analysis. . . . While a court may decide that some of a plaintiff's claims lack merit in the context of a motion to dismiss, such considerations are inappropriate as part of a jurisdictional analysis.

*McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 730-31 (11th Cir. 2014). Accordingly, in *McDaniel*, the circuit court held a district court erred by refusing to consider damages flowing from facially deficient fraud claims for purposes of determining the amount in controversy. *Id.* at 730-31 (noting that otherwise a district

15

court would be required to consider the merits of a plaintiff's claims before deciding whether jurisdiction exists). In other words, while the plaintiffs' allegations of fraud put at issue a sum entitling Nationwide to remove this action to federal district court, they are not sufficient to allow the fraud claim to proceed here. *Cf. Leonard v. Enterprise Rent-a-Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("If jurisdiction was proper [on the date of removal], subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction.").

**III. Conclusion**

For the foregoing reasons, the plaintiffs' motion to remand (Doc. 13) is **DENIED** and Nationwide's motion to dismiss (Doc. 5) is **GRANTED** to the extent the plaintiffs' fraud claim is **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6).

**DONE** this 28th day of February, 2020.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE